## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| **TIMOTHY STOKES, and** | ) | |
| **BONNIE J. STOKES,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:12-cv-00748** |
| | ) | **DISTRICT JUDGE SHARP** |
| **WELLS FARGO BANK, N.A.,** | ) | **MAGISTRATE JUDGE KNOWLES** |
| **WACHOVIA BANK, N.A.,** | ) | |
| **MORTGAGE ELECTRONIC** | ) | |
| **REGISTRATION** | ) | |
| **SYSTEMS, INC. and DOES 1-10** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AGREED AMENDED CASE MANAGEMENT ORDER

1.     **Jurisdiction and Venue**:  This is a  diversity action. Defendants intend to challenge Plaintiffs' standing and this Court's subject matter jurisdiction, as explained further in Defendants' theory of the case, below.  Defendants do not challenge venue.

2.     **Theories of the Case**:

(a)     **Plaintiffs' Theory**

The Plaintiff ("the Stokes") are not making a challenge to the fact that the Deed of Trust they signed, with accompanying underlying note, allows the bank/lender to transfer and sell their note. They also recognize that the interest in the Deed of Trust in Tennessee follows the Note. The Stokes are asking the court to look at, based on the public records that are available in the case, and determine that Wells Fargo does not have standing to foreclose on their home. This is based on the public record and accompanying loan audit, filed with the court, conducted on their behalf. Wells Fargo did not lend the Stokes any money. It is unclear what, if any, consideration

1

they provided (to anyone) to allege that the Stokes owe Wells Fargo money or need to surrender their house to them.

It appears that Wells Fargo has used its private knowledge in a way that harms the Stokes and creates a disadvantage to them. The Deed of Trust which governs the transfer of the note has two provisions that determine how the Note can be transferred. It states that the law of the Note is determined be where the Note is allegedly transferred. Although there isn't a specific Trust that is identifiable, it appears that said note may (or may not) have been transferred to an MBS Trust. ( and the law of New York would therefore be the applicable law)  It must be noted that it is unidentifiable at this time.  It is the Stokes hope that the identity of the Trust be revealed. The Deed also states that once the Note has been paid for, even one time, that it would  released to the Stokes. It is not something that may be sold over and over and recreated. This is no different than a car note, or any other secured transaction.

Wells Fargo does not have the standing to foreclose on a house with a "note" that was created and "transferred." Said "note" was created and allegedly "transferred" on January 16, 2012,  This "transfer" was accomplished when Wells Fargo executed a purported "Corporate Assignment of Deed of Trust." This was recorded on the Stokes Property. Wells Fargo (or someone working there taking orders), pretending to be MERS, attempted to assign the Mortgage from MERS as nominee" for Wachovia, to itself. Wells Fargo employee, Yen Nguyen executed Wells Fargo's purported "Assignment" in her alleged capacity as "Assistant Secretary" of MERS. This evidence has been filed with the Court and is also a matter of public record. Ms. Nguyen was never "Assistant Secretary" or even an officer of MERS, and MERS has never recorded any power of attorney for Ms. Nguyen with the Williamson County Register of Deeds. On information and belief, at the time of signing, Ms. Nguyen was an employee and/or agent of

N BLB01 951994 v1
2780973-001664  03/20/2013

Wells Fargo. Additionally, there is no evidence that Wells Fargo and note or Ms. Nguyen ever notified MERS of their attempted assignment of MERS's alleged interest.

Wells Fargo has repeatedly tried to "foreclose" on the Stokes, despite the fact that from all public record and accounts it has no standing to do so. Although the Stokes intend to seek discovery on the matter to determine the true fate of the underlying obligation of the Note, they don't think Wells will tell them whether or not it was already paid. The Stokes don't anticipate that any meaningful discovery will be produced. The Stokes will have to take the deposition of the "MERS Assistant Secretary" who, based on information, is actually an agent of Wells Fargo. Absent any finding that there was any transfer of the Stokes Note, and according to the Deed which they signed (of which controls the means and governing laws of such transfer) the Court should be able to determine that Wells has engaged in fraud in the transfer of the Note. This has all been well plead in the complaint. Although the evidence that the obligation to the Note has been extinguished will more than likely be circumstantial (because Wells probably won't produce the discovery to state otherwise), circumstantial evidence is still evidence.

Given all of the facts and circumstance in this case, the Stokes, through their Attorney, have been working in tandem with Wells Fargo to reach a resolution to the matter. This case is more than likely to be settled without a need for a trial, however, there are sufficient issues of fact and law present that would support a trial on the merits.

  **(b)    Defendant's Theory**

<u>**Wells Fargo Bank, N.A., Wachovia Bank, N.A., and Mortgage Electronic Registration Systems, Inc.**</u>

Wells Fargo Bank, N.A. ("Wells Fargo"), Wachovia Bank, N.A. ("Wachovia") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") are still

3

investigating the allegations made by Plaintiffs and reserve the right to amend their theory of the case. The initial review of information available to Wells Fargo, Wachovia, and MERS indicates that the allegations in the Complaint are directly at odds with the records of Plaintiffs' loan/account. In 2007, Plaintiff Timothy Stokes executed an Adjustable Rate Note with Wachovia in the amount of $1,413,000. Mr. Stokes also executed a Deed of Trust evidencing this debt, which granted Wachovia a secured interest in real property located at 9547 Sanctuary Place, Brentwood, TN 37207 and listed MERS as the nominee for Wachovia (the "Lender ") and Wachovia's successors and assigns. On January 12, 2012, MERS, in its role as Wachovia's nominee, assigned the Deed of Trust to Wells Fargo. Because these types of MERS assignments have been upheld across the country, Defendants generally deny any wrongdoing or improper conduct on their part.

Furthermore, Defendants aver that Plaintiffs lack standing to challenge the assignment, sale, securitization, or transfer, if any, of the Deed of Trust, Note or any beneficial interest therein. An assignment is a contract. *Spellman v. Shawmut Woodworking & Supply, Inc.*, 445 Mass. 675, 681 (Mass. 2006). The fact that a mortgage or deed of trust is assigned does not change its legal character. *Oum v. Wells Fargo, N.A.*, No. 11-11663-RGS, 2012 WL 390271, *4 (D. Mass. Feb. 8, 2012). Plaintiffs were neither a party to the assignments nor an intended beneficiary. As a matter of "longstanding commercial practice, a mortgagor is not an intended beneficiary of an assignment of a mortgage." *Id.*; *accord Livonia Prop. Holdings v. Farmington Road Holdings*, 717 F. Supp. 2d 724, 735-36 (E.D. Mich. 2010). The validity of an assignment "does not [a]ffect *whether* Borrower owes its obligations, but only to *whom* Borrower is obligated. *Livonia*, 717 F. Supp. 2d at 735. Because the borrower's obligation itself does not change when a beneficial interest in a mortgage is assigned, the borrower "may not assert any

N BLB01 951994 v1
2780973-001664 03/20/2013

ground which may render the assignment voidable." *Id.* For this reason, Defendants maintain that Plaintiffs' claims involving the assignment of any Deed of Trust or Note are due to be dismissed for lack of subject matter jurisdiction.

Wells Fargo is the servicer of Plaintiffs' mortgage. At no time prior to this lawsuit have Plaintiffs ever challenged Wells Fargo's authority to act as servicer. Thus, Plaintiffs are arguably stopped from asserting that Wells Fargo is not the servicer, or that Wells Fargo has no "right" to accept mortgage payments for the loan at issue. Defendants are still reviewing these matters but anticipate that at least some of the counts of the Complaint could be resolved prior to trial through appropriate motions.

3. **Status of Service of Process and Responsive Pleadings**: Service of process has been properly issued and served by certified mail. All Defendants have filed Answers.

4. **Initial Disclosures**: All parties must make their Rule 26(a)(1) Initial Disclosures within fourteen days after the Initial Case Management Conference, or by November 29, 2012.

5. **Amendment of Pleadings.** Plaintiff shall have until January 31, 2013 to move to amend his Complaint. Defendants shall file any amended answer or other pleading within the time allowed by the Rules of Civil Procedure. Plaintiff will ask for leave of the court to amend said complaint should more information become available during the discovery plan.

6. **Discovery.** The parties have agreed to the following discovery schedule:

(a) <u>Written Discovery</u>: All written discovery shall be answered by June 3, 2013. All written discovery requests shall be served in sufficient time to allow answers to discovery to be served by the above deadline.

(b) <u>Limitations on Written Discovery</u>: In an effort to streamline the discovery process, the parties agree the number of interrogatories as to each party shall not exceed 30. Any

N BLB01 951994 v1
2780973-001664  03/20/2013

party may move the Court for leave from this limitation; however, only after a good faith attempt to resolve the issue between the parties is made and only upon a sufficient showing of good cause for increasing the number of interrogatories. The parties are not so limited in their requests for production of documents; however, the parties agree to act reasonably and only request documents for which they are able to articulate a reasonable need. Such need shall be set forth in writing in the discovery requests, so as to allow the Court the opportunity to efficiently adjudicate any disputes between the parties arising from the request.

(c)     <u>Discovery of Electronically Stored Information</u>:  The parties have reached agreements on how to conduct electronic discovery, if any. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

(d)     <u>Other Discovery</u>:  Depositions of the parties shall occur by July 31, 2013. Any discovery from non-party witnesses (excluding expert witnesses) shall occur within this time period as well.  This excludes expert witness depositions which shall be completed by September 18, 2013.

(e)     <u>Expert Discovery</u>:  On or before July 12, 2013, Plaintiff shall disclose to Defendants (<u>not</u> to file with the Court) the identity of any expert witnesses and provide all the information specified in Rule 26(a)(2)(B), Fed. R. Civ. P.  On or before August 12, 2013, Defendants shall disclose to Plaintiff (<u>not</u> to file with the Court) the identity of any expert witnesses and provide all the information specified in Rule 26(a)(2)(B), Fed. R. Civ. P.  All expert witness depositions shall be completed by September 18, 2013.

(f)     <u>Discovery Disputes and Motions</u>: No motions concerning discovery are to be filed until after the parties have conferred in good faith, and unable to resolve their differences.  All discovery motions shall be filed as soon as practicable based upon the nature of

N BLB01 951994 v1
2780973-001664  03/20/2013

the dispute, but in no event shall any discovery motions (relating to fact discovery) be filed after August 16, 2013.

7.   **Dispositive Motions:**  All dispositive motions shall be filed by October 31, 2013. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages.

8.   **JURY TRIAL:  This case is set for trial on March 11, 2014, before the Honorable** Kevin H. Sharp, to last 2 days.  The pretrial conference is set for February 24, 2014, at 3:00 p.m.


ENTERED this _____ day of March, 2013.

**JUDGE E. CLIFTON KNOWLES**
**UNITED STATES MAGISTRATE JUDGE**


**APPROVED FOR ENTRY:**

/s/ John Higgins
John F. Higgins (BPR # 26845)
306 Gay Street, Suite 100
Nashville, Tennessee 37201

*Attorney for Plaintiffs*

/s/ Joy A. Boyd
JONATHAN COLE (BPR # 16632)
JOY A. BOYD (BPR # 29627)
Baker, Donelson, Bearman, Caldwell
& Berkowitz, PC
211 Commerce Street, Suite 1000
Nashville, Tennessee 37201
615-726-7335
jcole@bakerdonelson.com
jboyd@bakerdonelson.com

*Attorneys for Defendants Wells Fargo Bank,*
*N.A., Wachovia Bank, N.A., and Mortgage*
*Electronic Registration Systems, Inc*

7